## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 02 2019, 6:02 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy P. Broden
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Anthony W. Leavell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 2, 2019<br><br>Court of Appeals Case No.<br>19A-CR-397<br><br>Appeal from the Tippecanoe<br>Superior Court<br><br>The Honorable Steven P. Meyer,<br>Judge<br><br>Trial Court Cause No.<br>79D02-1804-F4-14 |

**Baker, Judge.**

[1]     Anthony Leavell appeals the twelve-year sentence imposed by the trial court after he pleaded guilty to Level 5 Felony Possession of Child Pornography, Level 5 Felony Conspiracy to Commit Child Exploitation, and Class A Misdemeanor Cruelty to an Animal, arguing that the sentence is inappropriate in light of the nature of the offenses and his character. Finding the sentence not inappropriate, we affirm.

# Facts

[2]     On March 26, 2018, Lafayette Police Department Officer Jacob Daubenmier was dispatched to Leavell's home after receiving complaints of a possible dead animal. A man later identified as Leavell opened the door, introduced himself, and allowed Officer Daubenmier inside. At the time, Leavell was living with his then-wife Danielle Godsey (formerly Leavell) and their eleven-year-old daughter. Officer Daubenmier immediately noticed dozens of rabbits roaming around the house. The rabbits appeared injured, infected, and in poor condition. Leavell blamed Godsey for the animals' mistreatment. Officer Daubenmier contacted Animal Control and Child Protective Services (CPS).

[3]     After representatives from both agencies arrived, Leavell and Godsey consented to a search of their home to inspect the living conditions. During the inspection, Officer Daubenmier discovered a hidden camera in the bathroom that was connected to a television, a VCR, and a recorder located in the attic. He also discovered multiple VHS tapes containing images and recordings of Leavell and Godsey's daughter using the bathroom. CPS agents found cameras hidden in

other parts of the home. Subsequent searches of a cell phone and a computer revealed dozens of images of unknown boys and girls between the ages of six and fourteen exposing their breasts and genitalia and engaging in sexual acts. Some images showed children even as young as infants, and many had physical and mental disabilities. When questioned, Godsey said that she was aware of the cameras.

[4] On April 4, 2018, Leavell was arrested, and the State charged him with Level 4 felony attempted child exploitation (Count I); Level 5 felony possession of child pornography (Count II); Level 6 felony possession of child pornography (Count III); Level 6 felony voyeurism (Count IV); Level 6 felony neglect of a dependent (Count V); and Class A misdemeanor cruelty to an animal (Count VI).

[5] Later, on April 12, 2018, Leavell contacted Detective Bragg McDole and claimed that Godsey had been working as an in-home health care provider to children with severe physical and mental disabilities, that she had been sexually assaulting these young children, and that she had frequently shared pornographic pictures of these children with him via email. With this information, officers searched Godsey's email account and found a plethora of lewd and obscene pictures of two minor girls that Godsey had been sending to Leavell. Officers also found a text message sent by Leavell to Godsey that said "[Godsey] might want to take some good pictures of [minor girl]." Appellant's App. Vol. II p. 134. Records show that the pictures had been sent between Godsey and Leavell between 2011 and 2015.

[6]     The State later charged Leavell with Class C felony conspiracy to commit child exploitation (Count VII); Level 5 felony conspiracy to commit child exploitation (Count VIII); Class C felony child exploitation (Count IX); Level 5 felony child exploitation (Count X); and two counts of Level 5 felony possession of child pornography (Counts XI and XII).

[7]     On December 4, 2018, Leavell entered into a guilty plea agreement, pursuant to which he agreed to plead guilty to Counts II, VI, VIII, XI, and XII in exchange for dismissal of the other charges. At Leavell's January 29, 2019, sentencing hearing, the trial court stated the following:

> The Court finds as aggravating factors: the seriousness of the offense; the facts and circumstances of the offense (including accumulating the pornography for an extended period of time and the defendant encouraging his Wife to take the photographs); the tender young age of the victims, the pattern of the defendant's criminal behavior and the defendant's overall conduct; defendant exploited his wife's position of trust with the victims; [] severe physical and mental disabilities of the victims.
>
> The Court finds as mitigating factors: the defendant plead guilty and accepted responsibility (diminished by the benefit received from the plea agreement) which avoided a trial for the victims and their families; the defendant cooperated with law enforcement; the defendant has no prior criminal convictions; the defendant's mental health issues.

Appellant's App. Vol. II p. 16. Shortly thereafter, the trial court sentenced Leavell to six years each for Counts VIII, XI, and XII to run concurrently with each other, and consecutive terms of five years for Count II and one year for Count VI, for an aggregate term of twelve years. The trial court ordered that

Leavell serve ten years in the Department of Correction and two years on supervised probation. Leavell now appeals.

# Discussion and Decision

Leavell argues that the sentence is inappropriate in light of the nature of the offenses and his character. Indiana Appellate Rule 7(B) states that a "Court may revise a sentence . . . if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). In determining whether the sentence is inappropriate, we will consider numerous factors such as culpability of the defendant, the severity of the crime, the damage done to others, and a "myriad [of] other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). It is our job to leaven the outliers, not to achieve a perceived "correct" sentencing result. *Id.* at 1225.

The maximum sentence for a Level 5 felony possession of child pornography conviction is six years, and the minimum sentence is one year. Ind. Code § 35-50-2-6(b). The advisory sentence is three years. *Id.* The sentencing range is the same for a Level 5 felony conspiracy to commit child exploitation conviction. *Id.* For a Class A misdemeanor cruelty to an animal conviction, the defendant "shall be imprisoned for a fixed term of not more than one (1) year; in addition, he may be fined not more than five thousand dollars ($5,000)." I.C. § 35-50-3-2.

Here, the trial court imposed at or near the maximum sentence for all five crimes to which Leavell pleaded guilty, though it ordered three of the terms to run concurrently, resulting in an aggregate term of twelve years.

[10] First, as to the nature of the offenses, Leavell's crimes are almost too grotesque for words. Leavell abused Godsey's position as a trusted health care provider to children with severe disabilities by sexually exploiting an unknown number of minors, including their daughter. The age of these children range from infancy to teenage years, demonstrating that Leavell did not discriminate when it came to his victims. Most of these minors, in fact, suffer from debilitating disabilities, and this coordinated wrongdoing by Leavell and Godsey resulted in ongoing sexual assault that has no doubt gravely traumatized these children.

[11] Moreover, these crimes of depravity and iniquity went on for years, completely undermining Leavell's claims that this was an isolated criminal incident and that Godsey was the primary orchestrator and he the innocent bystander. To compound the injury, Leavell abused dozens of rabbits and let their residence fall into a state of squalor. In sum, Leavell perpetuated incessant and unmitigated sexual and physical abuse of both innocent minors and hordes of animals. Therefore, we find that the nature of Leavell's offenses does not render his sentence inappropriate.

[12] Next, as to his character, Leavell focuses heavily on the fact that he pleaded guilty and that he suffers from mental illness. First, it should be noted that "[a] guilty plea is not automatically a significant mitigating factor." *Sensback v. State*,

720 N.E.2d 1160, 1165 (Ind. 1999). So, even though he pleaded guilty, there is no real evidence that Leavell did so as a sign of remorse. In fact, the trial court noted that Leavell's willingness to plead guilty was outweighed by the benefits he received from the plea agreement. Appellant's App. Vol. II p. 16. After all, Leavell could have been charged and possibly convicted of twelve separate offenses if he had not pleaded guilty.

[13] With regards to Leavell's claims of mental illness, Leavell was diagnosed with various ailments affecting his mental health such as depression and gender dysphoria. However, suffering from mental illness does not excuse years of sexual and animal abuse, and any argument to the contrary is without merit. Furthermore, Leavell suspiciously informed the police about Godsey's position as an in-home health care provider to children with disabilities and that there were more pornographic images in her email account. It is possible that Leavell was trying to shift the blame to Godsey, like he had done when questioned about the rampant animal abuse. All of this leads us to conclude that Leavell has little regret for the damage he has inflicted. Therefore, we find that Leavell's character does not render his sentence inappropriate.

[14] In sum, we will not revise Leavell's sentence pursuant to Indiana Appellate Rule 7(B).

[15] The judgment of the trial court is affirmed.

Kirsch, J., and Crone, J., concur.